MELIN, Appellant, vs. THE ACCIDENT INSURANCE COMPANY OF NORTH AMERICA, Respondent.

*January 14 — January 31, 1888.*

*Accident insurance: Payment of premium: Presumption.*

A policy of accident insurance for one year was issued to a brakeman who gave an order on the railway company by which he was employed for the premiums, aggregating $30, payable in instalments of $7.50 each. The policy provided that in case of any injury to the insured before the actual payment of the first instalment, from the amount due for such injury should be deducted the sum of all unpaid instalments called for by said order, and the order should then be canceled. Each instalment was to pay the premium for a definite insurance period, such periods being two, two, three, and five months respectively, and there was to be no liability by reason of any injury occurring in any insurance period for which the premium had not been actually paid. Before payment of the first instalment the insured was injured, and the company paid him $22.50 in cash, and credited the first instalment as paid. Nothing was ever paid on the order on the railway company. Just before the expiration of the year, the insured was killed. In an action on the policy it is *held* that the cash payment to the insured on account of his injury, to which, under the policy, he was not entitled unless the instalments of premium had been paid, did not raise a conclusive presumption that all such instalments had in fact been paid.

APPEAL from the County Court of *Milwaukee* County. The action was brought by *Carrie Melin* upon a policy of insurance against injury or death by accident, issued by the defendant company to her son, John M. Melin. The

policy was dated October 13, 1885, and recited that in consideration of an order on the M. & N. R'y Co. for $30, payable in instalments, the company insured the said John M. Melin in the principal sum of $300 for the term of twelve months ending October 13, 1886. The insured was a brakeman in the employ of the said railway company, and the order mentioned in the policy was signed by said John M. Melin, and directed the payment of $30 to the defendant company in four instalments of $7.50 each, to be paid and deducted from his wages for the months of November and December, 1885, and January and February, 1886, respectively. The order also stated that the first instalment was the premium for two months, being the first insurance period under the policy aforesaid; and that the other instalments were the premiums for the other insurance periods of two, three and five months respectively.

The policy provided, in substance, that the sum of $300 was to be paid to *Carrie Melin,* the plaintiff, in case of the death of the insured, resulting from accident; or, in case the insured should sustain accidental injuries wholly disabling him, he should be indemnified against loss of time in the sum of $7.50 per week during the period of his total disability. It also contained the following provision: "Provided always, that in the event of any claim for injury to the insured before the actual payment of the first instalment under the aforesaid order, then from the amount found to be justly due by reason of said injury shall be deducted the sum of all the unpaid instalments called for by said order; whereupon the order shall be canceled, and the premium for the full term of this policy receipted as being fully paid. It being expressly understood and agreed that the first, second, third, and fourth instalments specified in the aforesaid order, shall apply only to the payment of the premium for the first, second, third, and fourth insurance periods of two, two, three, and five months each, and in the

Melin vs. The Accident Ins. Co. of North America.

order named; it is also agreed that there shall be no liability under the policy for any claim by reason of personal injuries as aforesaid, occurring in either of the said insurance periods for which the respective instalments of premium shall not have been actually paid, except as herein provided for delay in payment of the first insurance period."

The insured received accidental injuries causing his immediate death on October 11, 1886; and the action is to recover $300, less the sum of $7.50, admitted to have been paid to the insured about December 1, 1885, for an injury sustained by him in November, 1885.

The answer of the defendant alleged, among other things, that although the company received the order for $30 mentioned in the policy, yet only the first instalment was ever actually paid; and that by virtue of the failure to pay the second and further instalments of premium, the policy lapsed and became null and void from and after December 13, 1885.

The evidence given on the trial is sufficiently stated in the opinion.    There was a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Turner & Timlin*, and oral argument by *Mr. Turner*. They cited *Hale v. Union Mut. F. Ins. Co.* 64 Am. Dec. 370; *Columbia Ins. Co. v. Buckley*, 24 Am. Rep. 172; *Lyon v. Travelers' Ins. Co.* 55 Mich. 141; *Bane v. Travelers' Ins. Co.* 4 S. W. Rep. (Ky.), 787.

For the respondent there was a brief signed by *Finches, Lynde & Miller*, attorneys, and *B. K. Miller, Jr.*, of counsel, and oral argument by *Mr. B. K. Miller, Jr.*

ORTON, J.    This action is brought to recover the balance of the $300 unpaid by any payments before made for accidents, on a policy of accident insurance, made payable in case of death to the appellant, the mother of the insured

John M. Melin. The whole insurance was $300, and of that amount, in case of death, there was to be deducted any payments made for accidents causing total disability, at the rate of $7.50 per week during its continuance. The assured was killed by an accident during the life of the policy. The premiums to be paid aggregated $30, to be paid in instalments of $7.50 each; the first instalment being for two months, the second for two months, the third for three months, and the fourth for five months. At the time of issuing the policy, the assured being a brakeman in the employ of the Milwaukee & Northern Railway Company, he gave the insurance company four orders for such premiums upon said company for $7.50 each, to be paid in November, December, 1885, and January and February, 1886, respectively. In case of injury by accident, if the premiums were not paid, they were to be deducted from the amount due the assured on account of the same, and to that extent they should be paid-up premiums. This is the substance of the policy. The plaintiff in her complaint demands judgment for the sum of $292.50, deducting from the whole policy only $7.50 paid for an accident which occurred in November, 1885. The testimony shows that the company, by one George Cline, agent, gave the assured an order for the first instalment of the premiums, of $7.50 in November, 1885, on account of such disability by accident, which was paid, and this agrees with the allegation of the complaint. There was nothing paid by the railway company upon said orders. On December 5, 1885, the said George Cline, as agent of the company, gave the assured another order for $15 upon the Milwaukee Exchange Bank, which was paid, and the assured gave the company at the same date a receipt for $30, apparently on and for his claim for said accident. There was no direct evidence of the number of weeks the assured was disabled by said accident, but the presumption is almost conclusive that it did

not exceed four weeks, from said receipt being founded on his claim therefor. The plaintiff, in her complaint, acknowledges the payment of $7.50 for said accident, and no more, from which the inference is very strong that the assured was disabled only one week, and was paid for it. There is no evidence in the case that the assured ever paid any of the premiums, or caused them to be paid through the railway company. If the assured had not received the whole amount of his loss by the accident, of $30, without deduction of anything for his premiums according to the policy, it might then be claimed for the plaintiff that the premiums were all paid. But as it is, there was not one of the premiums actually paid in cash, and if they had been, the assured received them all back at once for his claim for the accident. · I say the assured received $30 from the company. It really amounts to that. But the real fact was that he received in cash only $22.50, and the first premium of $7.50 was deducted as if paid. These are unquestionably the facts in the case. ·The defense is that the assured, in his life-time, had not paid the premiums, and that therefore the policy had become void. The defendant recovered in the action.

How these orders and receipts came to be given is not explained, and the witness Cline and a young lady clerk of his could not account for it on any other ground than carelessness and mistake. But one thing, and the material thing in this case, is certain, that the assured never paid any of the premiums except the first one, and the company never received any of them except that one, but paid the assured up and in full for his claim for the accident in November or December, 1885, $30, without any deduction for premiums except the first one, and as if they had already been paid in full in some other way, which was not the fact. And here, at this point of the statement, comes in the only claim of the plaintiff in this suit. The company paid the assured

$30, deducting the first premium, for his accident.   He was not entitled to this payment unless he had paid his premiums of that amount.   Therefore the presumption is conclusive from this payment that he had paid all of the premiums. Is not this a very flimsy and technical ground for such an action?   The plaintiff virtually says: It is true, the assured never paid to the company any of the premiums except the first one, but it paid the assured the whole amount of his loss notwithstanding, and as if he had done so; therefore, I will say that he did actually pay all of the premiums, and I will sue the company and allege that he did, and in court will say, as a matter of law, you can't dispute the presumption of such payment arising from the form of the receipts and orders.   It is true, the assured received $22.50 from the company that he was not entitled to, and I will therefore use that fact as evidence that the premiums had all been paid.

If the law sanctions any such claim, so much the worse for the law.   But such is not the law, and no respectable authority can be found to sanction such an unjust claim. The case is one of fact, and not of mere presumption.   Did the assured pay all of the premiums? is the only question. The fact was, he did not; therefore the defense is established. This court is not friendly to such technical causes of action. The learned counsel of the plaintiff state her cause of action, when they say in their brief: "The whole theory of this case is that the premiums were paid in full *by the acts* of the insurance company."   Those *acts* of the company, if at all, were that the company made a free and voluntary gift of $22.50 to the assured when he was not entitled to any part of it, and gave orders and took a receipt as evidence of it.   But the *theory* would have been more correctly stated that the premiums were paid by the *acts* of the agent of the company and his clerk in giving the assured orders for money when he was not entitled to it, and taking his receipt, by *sheer* mistake, or by the fraud of the assured.

But this is a mere *theory* at best. The authorities cited by the learned counsel of the appellant are not applicable to such a case.

There are several exceptions in the record, but not one of the errors complained of could possibly affect the result or work any harm to the appellant. All of the premiums have never been paid, and the policy for that reason was void, during the life of the assured. The plaintiff therefore is not entitled to recover.

*By the Court.*— The judgment of the county court is affirmed.